UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RAYMOND WATISON, #1031835 | ) ) ) | |
| Plaintiff, | ) ) | 2:10-cv-01370-GMN-LRL |
| vs. | ) ) | **ORDER** |
| BRUCE STROUD, *et al.*, | ) ) | |
| Defendants. | ) / | |

This is a prisoner civil rights action. The court now reviews the complaint (docket #1-2).

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson*

*v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is incarcerated at High Desert State Prison ("HDSP"), has sued HDSP law library supervisors Mrs. Pharris and Mrs. Clarkson, as well as corrections officer Bruce Stroud. Plaintiff claims that Pharris and Clarkson have violated his constitutional right to access to the courts in retaliation for grievances he filed. He is in segregated housing and claims that since April 2010, defendant law librarians have failed to respond to his requests for legal materials, which has "prejudiced" his ability to pursue his post-conviction proceedings as well as another pending case that he specifically identifies. He alleges that Clarkson told him he "has nothing coming, due to various complaints plaintiff filed against defendant." Plaintiff further claims that Pharris falsely accused plaintiff of sexual harassment in retaliation for grievances he filed regarding access to legal materials.

Plaintiff also alleges that corrections officer Stroud violated his Fourteenth Amendment due process rights in relation to a disciplinary hearing at HDSP. Plaintiff claims the following: he informed Stroud that he wished to call an inmate as a witness. Stroud "automatically" denied the witness because he was at NNCC, but the notice of charges came from NNCC. Plaintiff was found guilty and lost statutory credit.

With respect to plaintiff's claims that Clarkson and Pharris refused to assist inmates in disciplinary segregation, hampering plaintiff's pursuit of ongoing litigation, prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other grounds by Lewis*, 518 U.S. at 354; *Ching v. Lewis*, 895 F.2d 608, 609 (9th Cir. 1990). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828; *see also Madrid v. Gomez*, 190 F.3d 990, 995 (9th Cir. 1999). The right, however, "guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts . . . . [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. *Lewis*, 518 U.S.

1  at 356-57.  Prison officials may select the best method to ensure that prisoners will have the capability
2  to file suit.  *See id.* at 356.  Prisons "might replace libraries with some minimal access to legal advice
3  and a system of court-provided forms . . . that asked the inmates to provide only the facts and not to
4  attempt any legal analysis." *Id*. at 352.

5        To establish a violation of the right of access to the courts, a prisoner must establish that
6  he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine
7  and may not be waived.  *See Lewis*, 518 U.S. at 349; *Madrid*, 190 F.3d at 996.  An "actual injury" is
8  "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing
9  deadline or to present a claim." *Lewis*, 518 U.S. at 348 (citation and internal quotations omitted); *see
10 also Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that "[f]ailure to show that a
11 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a claim for denial of access to legal
12 materials) (citing *Lewis*, 518 U.S. at 353 & n.4); *Madrid*, 190 F.3d at 996.  Delays in providing legal
13 materials or assistance that result in actual injury are "not of constitutional significance" if "they are the
14 product of prison regulations reasonably related to legitimate penological interests." *Lewis*, 518 U.S.
15 at 362.  The right of access to the courts is limited to non-frivolous direct criminal appeals, *habeas
16 corpus* proceedings, and § 1983 actions.  *See Lewis*, 518 U.S. at 353 n.3 & 354-55; *Simmons v.
17 Sacramento County Superior Court*, 318 F.3d 1156, 1159-60 (9th Cir. 2003) (explaining that "a prisoner
18 has no constitutional right of access to the courts to litigate an unrelated civil claim."); *Madrid*, 190 F.3d
19 at 995.  Plaintiff states a claim against defendants Clarkson and Pharris for denial of access to the courts.

20       With respect to plaintiff's claims that Clarkson and Pharris denied him access to legal
21 materials, and that Pharris falsely accused him of sexual harassment in retaliation for filing grievances,
22 allegations of retaliation against a prisoner for exercising his First Amendment rights to speech or to
23 petition the government may support a section 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th
24 Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989).  To establish a prima
25 facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected
26 activity, and defendants' actions did not serve a legitimate penological purpose.  *See Barnett v. Centoni,*

1  31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). A plaintiff
2  asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation
3  and plaintiff's protected activity (*i.e.*, filing a legal action). *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir.
4  1979); *see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). The prisoner must
5  submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional
6  rights and the allegedly retaliatory action. *Pratt*, 65 F.3d at 806. Timing of the events surrounding the
7  alleged retaliation may constitute circumstantial evidence of retaliatory intent. *See Soranno's Gasco,*
8  *Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989). Plaintiff states retaliation claims against
9  defendants Clarkson and Pharris.

10  With respect to the disciplinary hearing, "[p]risoners . . . may not be deprived of life,
11  liberty or property without due process of law . . . .[T]he fact that prisoners retain rights under the Due
12  Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature
13  of the regime to which they have been lawfully committed . . . ." *Wolff v. McDonnell*, 418 U.S. 539, 556
14  (1974). When a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1)
15  a written statement at least twenty-four hours before the disciplinary hearing that includes the charges,
16  a description of the evidence against the prisoner, and an explanation for the disciplinary action taken;
17  (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would
18  interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate
19  is illiterate. *See id.* at 563-70; *see also Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445,
20  454 (1985); *Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir. 2003); *Neal v. Shimoda*, 131 F.3d 818,
21  830-31 (9th Cir. 1997); *Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994), *abrogated in part on*
22  *other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *McFarland v. Cassady*, 779 F.2d 1426, 1428
23  (9th Cir. 1986), *abrogated in part on other grounds by Sandin*, 515 U.S. 472. Plaintiff states a
24  Fourteenth Amendment due process claim against defendant Stroud.
25  No other claims are stated in this complaint.
26  **III. Plaintiff's Pending Motions**

5

Plaintiff has filed a motion for preliminary injunctive relief (docket #17). Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 129 S. Ct. 365, 376 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 129 S. Ct. at 374). The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success. *See Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987). However, the Ninth Circuit has recently revived the "serious questions" sliding scale test, and ruled that a preliminary injunction may be appropriate when a plaintiff demonstrates serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor. *Alliance for the Wild Rockies v. Cottrell*, 613 F.3d 960 (9th Cir. 2010).

In this case, plaintiff seeks an order directing prison officials to provide him access to the law library as well as to ensure that current procedures are followed and/or implement a litany of changes to procedure. Although plaintiff has made allegations in his complaint to state cognizable claims, including with respect to his access to the law library, plaintiff has not established that he is likely to succeed on the merits of such claims. Nor has plaintiff shown that he is likely to suffer irreparable harm in the absence of preliminary injunction. As such, plaintiff's motion for preliminary injunctive relief is denied.

Plaintiff also filed a motion to extend the prison copy work limit (docket #10), in which he seeks additional copies for future copying needs that have yet to be identified. This motion is premature and is denied without prejudice.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that the Clerk shall detach and file the complaint (docket #1-2).

**IT IS FURTHER ORDERED** that plaintiff's access to the courts and retaliation claims against defendants Clarkson and Pharris **MAY PROCEED**.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment due process claim against defendant Stroud **MAY PROCEED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to extend copywork (docket #10) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the following motions filed by plaintiff:  motion for preliminary injunction (docket #17) and motion to compel response to motion to extend copywork limit (docket #14) are **DENIED**.

**IT IS FURTHER ORDERED** as follows:

1. The Clerk **shall electronically serve a copy of this order, along with a copy of plaintiff's complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants that have not yet been served.  As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s).

**IT IS FURTHER ORDERED** that plaintiff's motion for U.S. Marshal to serve summons (docket #11) is **DENIED** without prejudice and with leave to renew if necessary.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel response to motion for U.S. Marshal to serve summons (docket #13) is **DENIED**.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper

1  submitted for filing a certificate stating the date that a true and correct copy of the document was mailed
2  to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff
3  shall direct service to the individual attorney named in the notice of appearance, at the address stated
4  therein.  The Court may disregard any paper received by a district judge or a magistrate judge that has
5  not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

        DATED this 6th day of December, 2010.

                                                  _____
                                                UNITED STATES MAGISTRATE JUDGE