# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND WATISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:10-cv-01370-GMN-LRL |
| v. | ) |
| | ) **O R D E R** |
| BRUCE STROUD, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

    Before the court is plaintiff's Motion for Copywork Supplies (#21), through which he alleges that in retaliation for his having filed the instant civil rights action he has been denied the typing paper and envelopes necessary for him to draft and send his legal documents. Plaintiff believes that Raelene K. Palmer, counsel for the defendants, gave the defendants permission to take adverse action against him. He asks the court to "intervene" in the matter. The court ordered defendants to respond to the allegations. Defendants filed a Response (#28), and plaintiff filed a Reply (#29).

    The court has considered the papers and is satisfied that defendants have not wrongfully denied plaintiff the materials necessary to draft and mail legal documents. Defendant Trinity Pharris, whose responsibility it is to distribute legal supplies to the inmates at High Desert State Prison, provides a declaration in which she explains that plaintiff was "advised and demonstrated his understanding that all indigent requests for legal supplies must be made by the fifth day of each month; qualifying inmates then receive their supplies shortly thereafter." Pharris Decl. at ¶¶ 2-4. Pharris details the materials that were distributed to plaintiff on December 13, 2010, including quantities of lined paper, blank paper, three sizes of envelopes, and a pen. *Id.* at ¶ 5. The law library was out of carbon paper on that date because its vendor had gone bankrupt and a new vendor had not been secured. *Id.* at ¶ 6. Plaintiff was

ineligible to receive indigent supplies in January 2011 because his family had made a gift of money exceeding $99.00, which enabled him to make his own purchases from the prison canteen. *Id.* at ¶ 8. Both Pharris and Palmer swear that they did not communicate with one another prior to January 2011, and that Palmer did not direct Pharris to take adverse action against plaintiff. *Id.* at ¶¶ 9-11; Palmer Decl. The court accepts their representations.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Motion for Copywork Supplies (#21) is denied.

DATED this 17th day of February, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**