1

2

3 **UNITED STATES DISTRICT COURT**

4 **DISTRICT OF NEVADA**

5 **\* \* \***

6 RAYMOND WATISON,     )
             )

7     Plaintiff,    )
             )   2:10-cv-01370-GMN-LRL

8 v.             )
             )   **O R D E R**

9 BRUCE STROUD, *et al.*,    )
             )

10     Defendants.   )
             )

11 _____)

12    Before the court are plaintiff's Motion for Copies (#30) and Motion for $10.00 for Copywork

13 (#35).  Plaintiff's motion (#30) asks that the court send him a copy of his opposition to the defendants'

14 Response (#28), which the court takes to mean his Reply (#29).  Because no carbon paper was available

15 for him when he drafted the Reply (#29), he does not have a copy.  The court will provide plaintiff with

16 a copy of his reply (#29).  Plaintiff's Motion (#35) requests an increase of $10.00 for his prison copy

17 work account.

18    The right to meaningful access to the courts does not confer a right to free unlimited

19 photocopies.  *See Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) (citing *Jones v. Franzen*, 697

20 F.2d 801, 803 ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox."

21 (7th Cir.1983)); *see also Wanninger v. Davenport*, 697 F.2d 992, 994 (11th Cir.1983); *Johnson v.*

22 *Parke*, 642 F.2d 377, 380 (10th Cir. 1981); *Harrell v. Keohane*, 621 F.2d 1059, 1060-61 (10th

23 Cir.1980).

24    The Nevada Department of Corrections provides $100.00 of free legal copy work to prisoner

25 litigants and charges ten cents per page for photocopies.  Plaintiff asks for an additional $10.00, but he

26 does not explain how he arrived at that amount.  He does quote from the court's order to increase his

copy limit in another case proceeding before this court, where the court authorized an increase of $10.00.[1] As the court explained there, however, plaintiff must make a particularized showing of specific need when asking for an increase to his copy limit, and he should use carbon paper where possible to make service and file copies of papers submitted to the court.  Here plaintiff states only that "$10.00 wouldn't be enough to oppose defendants motions for summary judgment in that case alone."  Plaintiff must make a more particularized showing of need before the court will extend his account.   He does not, for example, explain what he must copy, nor how many copies he must make.  Plaintiff is further advised that his request for an extension of his account in another of his cases, *Watison v. Burson*, 2:10-cv-01885-KJD-LRL, cannot be addressed here. If plaintiff believes that he needs copies for cases in other courts or in other cases in this court, he must seek an order for copies in each such particular case based upon a particularized showing of need.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Motion for Copies (#30) is granted.  The Clerk of Court shall mail a copy of Docket No. 29 to plaintiff.

IT IS FURTHER ORDERED that  Motion for $10.00 for Copywork (#35) is denied.

DATED this 1st day of April, 2011.

_____

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]*Watison v. Inmate Dentist, et al.*, 2:10-cv-01340-KJD-LRL

2